UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DEON RICHMOND #195922,

                  Plaintiff,                    Case No. 2:07-cv-3

v.                                       Honorable Robert Holmes Bell

MARY K. HITE, et al.,

                  Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff Deon Richmond, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Mary K. Hite, R.N., David Bergh, R. Salmi, R.N., Unknown Blackford, R.N., Corrections Officer Unknown Flurey, and Former Warden Barbara Bouchard.  Plaintiff alleges in his complaint that on May 17, 2005, Defendant Hite denied him his scheduled medical appointment, because Plaintiff had stated that he "loved her."  On May 24, 2005, Defendant Hite arrived at Plaintiff's cell door to administer his Motrin.  However, when Plaintiff asked Defendant Hite why she had refused his scheduled medical appointment on May 17, Defendant Hite closed the food slot and told Plaintiff that he would not be getting his pill.

On July 22, 2005, Defendant Hite dropped Plaintiff's Motrin on the floor, but then attempted to give the pill to Plaintiff.  Plaintiff refused and asked for a clean pill.  Defendant Hite then refused to give Plaintiff his Motrin.  On August 20, 2005, Defendant Hite refused to give Plaintiff his Motrin upon his first request.  In addition, Defendant Hite continued to refuse to give Plaintiff his Motrin, even after Officer Martineau informed Defendant Hite of Plaintiff's second request and his complaint of chest pain.  On August 21, 2005, Defendant Hite denied Plaintiff his medication on her first visit to the unit, but brought it to him on her second visit of the day.  On September 30, 2005, Defendant Hite was told by Officer Martineau that Plaintiff wanted his medication when she made her first visit to the unit, but Defendant Hite refused to give Plaintiff his Motrin until her second visit to the unit.  On October 17, 2005, Defendant Hite was notified by Officer Irvine that Plaintiff wanted his medication on her first visit to the unit.  However, Defendant Hite denied Plaintiff's request.  On October 26, 2005, Plaintiff asked Defendant Hite why she never

waited to observe him take his medications.  Defendant Hite responded that she did not care if Plaintiff took his medications and that he was lucky he was not on medication restriction.

On October 28, 2005, Plaintiff asked Defendant Flurey to inform the nurse that he needed his medications. Defendant Flurey refused and made degrading sexual comments to Plaintiff. Plaintiff then saw Defendant Hite on the unit and requested his medication.  However Defendant Hite ignored Plaintiff and did not bring his medication.  Later that day, Plaintiff told Officer Staedwitch about his difficulty getting his medication.  At lunch time, Officer Irvine brough Defendant Hite to Plaintiff's cell where Defendant Hite accidentally dropped Plaintiff's medication on the floor.  Defendant Hite then picked up the pill with her bare hands and attempted to give it to Plaintiff.  Plaintiff asked for a clean pill, but Defendant Hite refused to replace the pill.

On November 25, 2005, Defendant Hite denied Plaintiff Sudafed when he requested it, stating that she did not have it with her on the unit.  Defendant Hite never returned with the requested medication.  On December 3, 2005, Defendant Hite denied Plaintiff his Motrin after he told Officer Stingline to notify her of his medication request.  Defendant Hite told Plaintiff that he did not have food, which he needed to take with his medication, even though Plaintiff had saved an apple from his meal tray for that purpose.  On February 22, 2006, Defendant Hite denied Plaintiff a full examination because Plaintiff could not place his hands under his buttocks while lying on his back in belly chains.  On February 23, 2006, Plaintiff states that he had to use both hands to reach up to get his medication because Defendant Hite used the small opening at the top of his door, rather than the top slot she usually used.  Defendant Hite allegedly thought that Plaintiff was about to expose his penis to her.

Plaintiff alleges that on March 9, 2006, Defendant Hite denied Plaintiff his requested Motrin.  On March 25, 2006, Defendant Blackford dropped Plaintiff's Tenormin on the floor, then

refused to replace the dirty pill.  Defendant Blackford later lied and said that she had given Plaintiff a new pill.  On March 27, 2006, Defendant Salmi attempted to force Plaintiff's Tylenol and Elavil through the top of his cell door, instead of through the door slot.  When Plaintiff finally realized what Defendant Salmi was trying to do, she used the cell top slot to administer the medication.  On April 12, 2006, Defendant Hite denied Plaintiff his Motrin.   On April 13, 2006, Defendant Salmi accidently dropped Plaintiff's Tenormin on the floor.  Defendant Salmi said that she would bring Plaintiff a replacement pill, but later told Plaintiff that she did not have time and offered him the dirty pill.  Plaintiff refused and was not given his Tenormin.

On May 12, 2006, Defendant Salmi did not bring Plaintiff his Tylenol or Elavil, stating that she was very busy.  However, Defendant Salmi gave the other inmates their medication. Plaintiff finally received his medications from another nurse on the next shift.  On May 25, 2006, Defendant Hite examined Plaintiff and noticed an increase in skin problems, but refused to allow Plaintiff to see a physician.  On June 21, 2006, Defendant Hite gave Plaintiff his medication at different times than that ordered by the physician.

Plaintiff seeks compensatory and punitive damages, as well as equitable relief.

II.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of

- 4 -

substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

It appears from Plaintiff's complaint that he is alleging that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farme*r, 511 U.S. at 834). Deliberate indifference "entails something more

than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to

constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at * 4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir. Apr. 4, 1997).

As noted above, Plaintiff claims that Defendants Hite, Salmi, Blackford and Flurey were responsible for occasionally denying him his prescribed medication, or for making him wait for his prescribed medication. However, Plaintiff fails to specify why he needed his medication, or to otherwise show that he suffered a serious medical need. Nor does Plaintiff allege that he suffered any injury as a result of this denial. Therefore, the undersigned recommends dismissal of Plaintiff's Eighth Amendment claims.

Moreover, as noted above, Plaintiff is seeking monetary damages in this case. Section § 1997e(e) provides as follows:

> No federal action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

*Id.* The Sixth Circuit repeatedly has held, albeit in unpublished decisions, that Eighth Amendment claims for monetary relief based on mental or emotional injury are precluded by § 1997e(e) absent a showing of physical injury. *See, e.g.*, *Merchant v. Hawk-Sawyer*, No. 01-6244, 2002 WL 927026, at *2 (6th Cir. May 7, 2002); *Garrison v. Walters*, No. 00-1662, 2001 WL 1006271, at *2 (6th Cir. Aug. 24, 2001); *Robinson v. Corrections Corp. of America*, No. 99-5741, 2001 WL 857204, at *1 (6th Cir. June 20, 2001); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *2 (6th Cir. June

- 7 -

7, 2001); *Williams v. Ollis*, Nos. 99-2168, 99-2234, 2000 WL 1434459 (6th Cir. Sept. 2000); *Raines-Bey v. Garber*, No. 99-1471, 2000 WL 658721, at *1 (6th Cir. May 12, 2000). However, the Sixth Circuit further notes that claims for punitive damages are not necessarily barred by section 1997e(e). *Miller v. Bock*, 55 Fed. Appx. 310, 312 (6th Cir. Jan. 28, 2003) (*citing Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 808 n. 6 (10th Cir. 1999)).

As noted above, Plaintiff in this case fails to allege that he suffered any physical injury as a result of the Defendants' misconduct. Therefore, Plaintiff's claims for compensatory damages are barred by § 1997e(e).

Finally, the undersigned notes that Defendants Bergh and Bouchard were not involved in the denial of Plaintiff's medications. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a

supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Bergh and Bouchard were personally involved in the activity which forms the basis of his claim. The only roles that Defendants Bergh and Bouchard had in this action involved the denial of administrative grievances or the failure to act. Defendants Bergh and Bouchard cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000). Accordingly, the undersigned recommends that Plaintiff's claims against Defendants Bergh and Bouchard be properly dismissed for lack of personal involvement.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   February 15, 2007


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).