UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEON RICHMOND #195922,

        Plaintiff,

                              File No.  2:07-CV-03

v.

                              HON. ROBERT HOLMES BELL

MARY K. HITE, et al.,

        Defendants.
                                       /

**MEMORANDUM OPINION AND ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Deon Richmond.  The matter was referred to the Magistrate Judge to make a recommendation as to whether the Court is required to dismiss Plaintiff's lawsuit because the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A;  42 U.S.C. § 1997e(c).  On February 15, 2007, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that this Court dismiss Plaintiff's complaint for failure to state a claim.  (R&R, Docket #6.)  This matter is before the Court on Plaintiff's objections to the Magistrate Judge's R&R.  (Pl.'s Objections to R&R, Docket #7.)

This Court reviews *de novo* those portions of a R&R to which objections are made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. Plaintiff raises three objections to the R&R.

First, Plaintiff argues that the failure to consistently provide him with his medication[1] should be evaluated as if this failure was the result of a prison regulation. Prison regulations that impinge on inmates' constitutional rights are valid, if the regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *accord Beard v. Banks*, 126 S. Ct. 2572, 2578 (2006) (plurality opinion); *Spies v. Voinovich*, 173 F.3d 398, 403 (6th Cir. 1999). Plaintiff has not identified any prison regulations related to his lawsuit. In the absence of any identified prison regulations, the standards for analyzing prison regulations set-forth in *Turner* are inapplicable to this case. Plaintiff's first objection to the R&R is denied.

Second, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff cannot establish either the subjective or the objective component required for Plaintiff's claim for deprivation of adequate medical care.

To satisfy the objective component of his deprivation of adequate medical care claim, Plaintiff must allege that the medical need at issue was sufficiently serious. *Farmer v.*

---

[1] Plaintiff identifies the medication that he had been prescribed as Motrin. (Compl., Docket #1, at ¶ 13.)

*Brennan*, 511 U.S. 825, 834 (1994). The objective component is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person . . . ." *Blackmore v. Kalamazoo County,* 390 F.3d 890, 899 (6th Cir. 2004). Plaintiff argues that the seriousness of his condition would have been obvious to a lay person because he was taking medication prescribed by a doctor. A prescription for medication only establishes that Plaintiff had a condition for which the prescribing doctor believed the medication would be helpful. The prescription alone cannot establish the seriousness of Plaintiff's condition. Thus, Plaintiff has not alleged a medical need that is sufficiently serious.

To satisfy the subjective component of his deprivation of adequate medical care claim, Plaintiff "must show that prison officials had 'a sufficiently culpable state of mind.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer*, 511 U.S. at 834). To have a sufficiently culpable state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Plaintiff contends that the prison officials had a sufficiently culpable state of mind because they were allegedly retaliating against him for filing grievances. The allegation that Defendants were retaliating against Plaintiff does not indicate that Defendants were aware of facts related to a risk of serious harm. Plaintiff has not provided any facts from which Defendants would have been aware of a substantial risk of serious harm to Plaintiff. Plaintiff has therefore failed to allege facts sufficient to establish that the prison officials had the requisite culpable state of mind. Plaintiff's objection to the

Magistrate Judge's conclusion that Plaintiff cannot meet either the objective or the subjective component required for a deprivation of adequate medical care claim is denied.

Third, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff cannot seek money damages because he has not made a showing of physical injury. Section 1997e(e) provides that:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C.A. § 1997e(e) (West 2003). "Even though the physical injury required by § 1997e(e) for a § 1983 claim need not be significant, it must be more than *de minimis* for an Eighth Amendment claim to go forward." *Jarriett v. Wilson*, 414 F.3d 634, 640 (6th Cir. 2005). Though Plaintiff's medication was for chest pain, Plaintiff never alleges that on the occasions when he did not receive his medication that he experienced chest pain or any other physical ailment. Thus accepting Plaintiff's allegations as true, Plaintiff at most alleges a mental or emotional injury from occasionally not receiving his medication. Plaintiff has not alleged any physical injuries from not receiving his medication.[2] In the absence of a physical injury, Plaintiff's claim for money damages is barred by § 1997e(e) and Plaintiff's objection is denied.

---

[2] The Court has assumed without deciding that chest pain would constitute a physical injury for the purposes of §1997e(e). *But see Jarriet*, 414 F.3d at 641 n.7 (assuming without deciding that physical pain is a "mental or emotional injury," not a "physical injury"); *Sealock v. Colorado,* 218 F.3d 1205, 1210 n.6 (10th Cir. 2000) (same).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections (Docket #7) to the Report and Recommendation of the Magistrate Judge are **DENIED** and the Report and Recommendation (Docket #6) is **ADOPTED** in its entirety as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff Deon Richmond's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal **SHALL** count as a strike for purposes of 28 U.S.C. § 1915(g).


Date:    May 4, 2007                    /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE